# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY & LABORERS HEALTH & WELFARE TRUST, et al.,<br><br>            Plaintiff(s),<br><br>vs.<br><br>WILLIAMS BROTHER, INC., et al.,<br><br>            Defendant(s). | Case No. 2:12-cv-00810-KJD-NJK<br><br>REPORT AND RECOMMENDATION OF ENTRY OF DEFAULT JUDGMENT AGAINST WILLIAMS BROTHER INC. |

This matter comes to the Court on the failure of Defendant Williams Brother, Inc. ("Defendant") to retain counsel. For the reasons stated below, the Court recommends that default judgment be entered against Defendant.[1]

On February 26, 2013, the Court entered an order granting the motion to withdraw by Defendant's attorney. Docket No. 19. As part of that order, the Court instructed Defendant to retain counsel:

> Corporations may appear in federal court only through licensed counsel. *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Accordingly, Williams Brother, Inc. is hereby **ORDERED** to retain counsel and have counsel enter a notice of appearance in this case no later than March 26, 2013.

*Id.* at 2. The Court expressly cautioned Defendant that, "[i]f no such notice is made, the Court will recommend that default judgment be entered against Williams Brother, Inc." *Id.*

---

[1] The Court notes that it also required Defendant Michael Peek to file, no later than March 26, 2013, a certification that he will be proceeding *pro se* or an appearance of newly retained counsel. *See* Docket No. 19 at 1. Although the Court has not received a formal certification that Mr. Peek seeks to proceed *pro se*, it did receive a filing from him indicating that he considers himself a "Defendant[] in Proper Person." *See* Docket No. 24. The Court construes this filing as a notice that Mr. Peek will be proceeding *pro se*. As such, the Court does not recommend entry of default against Mr. Peek.

To date, the Court has not received a notice of appearance by an attorney on Defendant's behalf nor a request to extend the time to do so. Defendant's willful failure to comply with the Court's Order and to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's Orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Defendant has willfully refused to comply with Court Order and to obtain counsel so that it may continue to participate in this case. Indeed, the Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Accordingly, in light of the circumstances outlined above, the Court recommends that default judgment be entered against Defendant Williams Brother, Inc.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: April 3, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge