UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAMS BROTHER, INC., *et al.*,<br><br>    Defendants. | Case No. 2:12-CV-00810-KJD-NJK<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion for Summary Judgment (#15). Though the time for doing so has passed, no response in opposition has been filed. Therefore, in accordance with Local Rule 7-2(d) ("LR 7-2"), and having considered the motion on the merits, the Motion for Summary Judgment is granted.

**I. Facts**

Plaintiffs (collectively "Trust Funds") are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974. The Trust Funds are ERISA employee benefit trust funds that provide benefits to employees. Williams Brother, Inc., is signatory to and bound by a Master Labor Agreement ("MLA") between the Associated General Contractors and the Southern Nevada

Laborers Local 872 ("Union") as a result of a proxy agreement with the Associated General Contractors. The MLA incorporates by reference the Trust Agreements establishing the Trust Funds.

The MLA and the Trust Agreements require Williams to pay employee benefit contributions to the Trust Funds. The Trust Funds' independent auditor performed two separate contract compliance audits of Williams; each showed that Williams owed contributions to the Trust Funds.

Plaintiffs filed a complaint on May 14, 2012 (#1) and Defendants answered on July 11, 2012 (#8). On February 6, 2013, Plaintiffs moved for summary judgment (#15). The response was due by March 2, 2013. Defendants did not respond. At that time, the Magistrate Judge had granted Williams' and Peek's counsel's Motion to Withdraw on February 26, 2013 (#19). The court ordered Peek to notify the court that he would either proceed in the case pro se, or that he would retain new counsel no later than March 26, 2013. The court indicated that if Peek failed to file such certification or appearance, the court would recommend that default judgment be entered against him. The court similarly ordered Williams, as a corporation required to be represented by counsel in federal court, to retain counsel and have such counsel enter a notice of appearance no later than March 26, 2013. The court stated that if no counsel filed a notice of appearance on behalf of Williams by that date, the court would recommend that default judgment be entered against Williams. No counsel filed a notice of appearance on behalf of Williams. Therefore, the Magistrate Judge recommended (#29) entry of default against Williams on April 3, 2013.

Plaintiffs filed a Notice of Non-Opposition to Plaintiffs' Motion for Summary Judgment (#28) on March 29, 2013. During a Show Cause Hearing held on April 4, 2013, the Magistrate Judge advised Defendant Michael Peek that he had fourteen days to respond to the Motion for Summary Judgment. Defendant Peek did not respond to the Motion for Summary Judgment. Plaintiffs filed a second Notice of Non-Opposition to Plaintiffs' Motion for Summary Judgment (#31) on May 1, 2013 .

**II. Summary Judgment Standard**

LR 7-2 provides that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Although LR 7-2 allows the Court to grant a summary judgment motion on the basis of no response, two considerations impede such a swift resolution: (1) for pro se litigants, other motions or pleadings may be eligible to oppose this motion; and (2) a local rule must be compatible with federal law. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (citing McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987)); Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993).

First, although Defendant has not responded to the summary judgment motion, in evaluating a motion against a pro se defendant, the Court must consider all of Defendant's "contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Defendant] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." Jones, 393 F.3d at 923 (citing McElyea, 833 F.2d at 197)). The only contention Defendant Peek submitted in a pro se capacity is his Response to Show Order and Cause. However, the contentions within Defendant Peek's Response to Show Order and Cause are irrelevant to the Motion for Summary Judgment. Thus, the Motion for Summary Judgment is entirely unopposed.

Second, LR 7-2 must be construed as to not conflict with federal law. Henry, 983 F.2d at 950. Specifically, in the summary judgment context, LR 7-2 must be compatible with Rule 56. Fed. R. Civ. P. 56. Pursuant to Rule 56, summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. And all justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986).  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.  Thus, under federal law, a summary judgment motion cannot be granted unless the moving party meets its burden and the nonmoving party fails to demonstrate a genuine factual issue.  A summary judgment motion "cannot be granted simply as a sanction for a local rule violation."  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).  Accordingly, the Court must consider the merits of Plaintiffs' summary judgment motion to determine if it has met its burden.

**III. Analysis**

In their complaint, Plaintiffs present two claims for relief.  First, Defendant Williams Brother, Inc., is delinquent in paying contributions owed.  Second, Defendant Michael Peek breached his contract with Plaintiffs by failing to fulfill his obligations as a guarantor.

**A.  Williams Brother, Inc., failed to pay contributions owed.**

On December 6, 2011, Defendants stipulated and agreed to the amounts owed on the first audit, as of that date, in a settlement agreement and stipulated consent judgment totaling $98,262 ($43,710 in unpaid contributions, $24,401 in interest, $24,401 in liquidated damages, $750 in past attorney's fees, and $5,000 in future attorney's fees).  Michael Peek signed the settlement agreement on behalf of Williams, and also agreed to hold himself personally liable as an individual guarantor.  The agreement specifically required additional interest at 14%.  In addition, Defendants both agreed to liability for any additional amounts later revealed to be owed including: additional liquidated damages, interest, and attorney's fees that accrue.

Williams admits that the second audit is an accurate accounting of contributions, interest, and liquidated damages.  Regarding the second audit, it is undisputed that contributions owed total $29,680.  Through May 1, 2013, additional interest of $8,584 on the first audit has accrued.  Regarding the second audit, interest had already been calculated through July 31, 2012, at $2,465, which was undisputed by Defendants.  Through May 1, 2013, additional interest on the second audit

4

1  of $5,829 has accrued.  Therefore, total interest for the second audit equals $8,294 ($2,465 + $5,829).
2  Thus, $16,878 ($8,584 + $8,294) in interest is owed above the interest included in the judgment
3  previously entered against Defendants.
4        The Trust Funds' Policy, in keeping with federal law, provides liquidated damages as 20% of
5  the delinquent contributions or the interest due at the Trust Funds' rate, whichever is greater.  29
6  U.S.C. § 1132(g)(2)(C).  Here, 20% of the delinquent contributions on the first and second audits is
7  less than the total amount of interest mentioned in the previous paragraph.  Therefore, the amount
8  Defendants owe for liquidated damages, in addition to the amounts included in the previous
9  judgment, equals the amount Defendants owe for interest, $16,878.
10       The Trust Funds are also seeking $17,923 in attorney's fees and costs.  Under federal law, the
11 court shall award reasonable attorney's fees and costs, paid by the defendant.  29 U.S.C. §
12 1132(g)(2)(C).  The amount is based on the normal billing rates for Brownstein Hyatt Farber
13 Schreck, LLP, the law firm representing Trust Funds.  The hourly rates charged are: $300.00 - 350.00
14 for a Partner; $225.00 - 300.00 for an Associate; and $145.00 - 195.00 for a Paralegal.
15       To date, Williams has paid $13,410 towards its debt to the Trust Funds.  A third party also
16 paid $1,348 towards the debt Williams owes to the Trust Funds, for total payments received of
17 $14,758.  Williams has not paid any other amounts that are owed.
18       Defendants therefore owe the following to the Trust Funds: $29,680 (delinquent contributions
19 from the second audit), + $16,878 (interest), + $16,878 (liquidated damages), + $17,923 (attorney's
20 fees and costs), - $14,758 (payments received), for a total of $66,601.
21       **B. Michael Peek failed to fulfill his contractual obligations as guarantor.**
22       Defendant Michael Peek agreed to personally guarantee the amounts owed by Williams
23 Brother, Inc., and be personally liable for payment of the delinquency.  Williams Brother, Inc.,
24 defaulted on their obligations under the settlement agreement, and Michael Peek failed to pay the
25 delinquency.  Therefore, Michael Peek has breached his contractual obligations as guarantor.
26

Plaintiffs have met their burden of showing a genuine absence of material fact. Defendants have not set forth any specific facts demonstrating a genuine factual issue for trial. Therefore, there are no issues of material fact that might preclude summary judgment. Defendants are jointly and severally liable for Williams' delinquent contributions, interest, liquidated damages, and attorney's fees and costs, in the amount of $66,601.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (#15) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Plaintiffs and against Williams Brother, Inc., a Nevada corporation, and Michael Peek, an individual, jointly and severally, in the amount of $66,601.

DATED this 26th day of June 2013.

_____
Kent J. Dawson
United States District Judge